**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**ELISA GEMMA, individually**
**and in her capacity as ADMINISTRATRIX**
**and on behalf of the beneficiaries of the**
**ESTATE OF RAYMOND GEMMA, and**
**SHERRY GEMMA**
**MCKENNA**
Plaintiffs

V. Civil Action No.

**UNITED STATES OF AMERICA,**
**JUAN GARISTO, M.D.**
**DAVID WANG, M.D. and**
**JULIE SYZMANIAC, M.D. and**
**INTUITIVE SURGICAL, INC.**
Defendants

**COMPLAINT**
**Federal Tort Claims Act-Medical Negligence**

1. Jurisdiction of this Court is invoked under 28 United States Code 1346(b), 1402(b), 2401(b) and 2671-2680, known as the Federal Tort Claims Act. This action is brought against the United States of America by Plaintiff, Elisa Gemma, both individually and in her capacity as Administratrix the Estate of Raymond Gemma and on behalf of the statutory beneficiaries of Raymond Gemma, for claims of injuries and death due to the medical negligence of employees of the United States and treating providers. Plaintiff has made her administrative claim for these injuries which arose out of treatment at rendered at the Veterans Administration Medical Centers in Providence RI (Providence VA Medical Center) and Boston, Massachusetts (Jamaica Plains VA Medical Center), and pursuant to a Form 95 duly filed on March 5, 2025, with the Department of Veterans Affairs.

2. Elisa Gemma is a resident of the Town of Johnston, County of Providence in the State of Rhode Island and is the wife of the late Raymond Gemma. Elisa Gemma is bringing this action individually and in her capacity as Administratrix the Estate of Raymond Gemma. and on behalf of the statutory beneficiaries of Raymond Gemma.
3. Sherry Gemma McKenna is a resident of the Town of Johnston, County of Providence in the State of Rhode Island and is the daughter of the late Raymond Gemma.
4. Defendant the United States of America is a governmental entity subject to claims, pursuant to the Federal Tort Claims Act, for the acts of employees of the United States at the Boston VA/Jamaica Plains VA Medical Center, Massachusetts (hereinafter the "Boston VA") and the Providence VA Medical Center (hereinafter the "Providence VA"). At all times relevant hereto, the Boston VA operated and maintained a medical and surgical hospital in the State of Massachusetts, and the Providence VA operated and maintained a medical and surgical hospital in the State Rhode Island.
5. Defendant Juan Garisto, MD is, information belief a resident of the State of New York. At all times relevant here too said defendant was physician practicing medicine and specializing in the field of Urological Oncology and Surgery. At all times relevant hereto, said Defendant was providing surgical services at the Boston Veterans Administration and other hospitals in Massachusetts.
6. Defendant David Wang, MD is, information belief a resident of the State of Massachusetts. At all times relevant here too said defendant was physician practicing medicine and specializing in the field of Urological Oncology and Surgery. At all times relevant hereto, said Defendant was providing surgical services at the Boston Veterans Administration and other hospitals in Massachusetts.

7. Defendant Julie Syzmaniac, MD is, information belief a resident of the State of California. At all times relevant here too said defendant was physician practicing medicine and specializing in the field of Urology. At all times relevant hereto, said Defendant was providing urological and surgical services at hospitals in Massachusetts including the Boston Veterans Administration.

8. Defendant Intuitive Surgical Inc is, upon information and belief, a corporation organized under the laws of the State of Delaware. At all times relevant hereto said Defendant manufactured and sold a robotic surgical system known as the da Vinci Surgical System, which robotic surgical device was utilized in the treatment of Plaintiffs' decedent. Said defendant has the necessary minimum contacts with the State of Massachusetts to be subject to the jurisdiction of this court.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346 as a claim against the United States, 28 U.S.C. § 1332(a) as the action is between citizens of multiple states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, thus satisfying the requirements of complete diversity, and 28 U.S.C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) as a substantial part of the events giving rise to the claim occurred in this District.

**COUNT I**
**(United States of America)**

11. Paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

12. On and before November 17, 2020, and thereafter, the Defendant United States of America, through its agents, servants and employees at the Jamaica Plains /Boston VA

Hospital, undertook to treat and care for the Plaintiffs' decedent, Raymond Gemma, and performed robotic surgery on the decedent.

13. On and before November 17, 2020, and thereafter, the Defendant United States of America, through its agents, servants and employees at Providence VA Hospital, undertook to treat and care for the Plaintiffs' decedent, Raymond Gemma, and provided medical care and treatment both prior to and after the robotic surgery performed on the decedent.

14. At all times relevant hereto, at least some of the physicians and medical staff at the Jamaica Plains /Boston VA Hospital providing treatment and performing surgery on Plaintiffs' decedent Raymond Gemma at that time were agents, servants and employees of the defendant United States of America

15. At all times relevant hereto, the physicians providing treatment and care to Plaintiffs' decedent Raymond Gemma at the Providence VA were agents, servants and employees of the defendant United States of America.

16. At all times relevant hereto, the physicians performing surgery at the Jamaica Plains /Boston VA Hospital owed a duty to Plaintiffs' decedent to exercise the degree of skill and care ordinarily exercised by physicians practicing medicine and performing surgery at the time in question.

17. At all times relevant hereto the Defendant United States of America, through its agents, servants and employees at the Jamaica Plains /Boston VA Hospital and the Providence VA, owed a duty to Plaintiffs' decedent, Raymond Gemma, to exercise the degree of skill and care ordinarily as is exercised by hospitals providing medical and surgical services.

18. Nonetheless, Defendant, through its agents, servants and employees, breached its duty as aforesaid and negligently failed to timely diagnose and treat Plaintiffs' decedent's medical condition, and otherwise negligently diagnosed, treated and cared for Plaintiffs' decedent and failed to exercise reasonable care in the treatment of Plaintiffs' decedent Raymond Gemma.

19. As a direct and proximate result of the Defendant's breach of duty as aforesaid, Plaintiffs' decedent developed Stage IV metastatic carcinoma and peritoneal carcinomatosis, suffered severe pain of body and mind, emotional and mental anguish and distress, incurred medical expenses, required extensive medical treatment and hospitalization, was rendered permanently injured and disabled, and otherwise suffered damages recoverable by his estate and the statutory beneficiaries pursuant to R.I.G.L. §10-7-1 et. seq.

20. As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiffs' decedent, Raymond Gemma, suffered severe personal injuries and ultimately died on March 23, 2023.

**WHEREFORE,** Plaintiff Elisa Gemma in her capacity as Administratrix of and on behalf of the beneficiaries of the Estate of Raymond Gemma, seeks damages under R.I.G.L. §10-7-1 et seq. and demands judgment against the Defendant United States of America in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

**COUNT II**
**(Negligence: Juan Garisto, MD)**

21. Paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

22. On and before November 17, 2020, and thereafter, Defendant Juan Garsito, MD, undertook to treat and care for and performed surgery on Plaintiffs' decedent, Raymond Gemma.

23. At all times relevant hereto, said Defendant Juan Garisto, M.D. owed a duty to Plaintiffs' decedent to exercise the degree of skill and care ordinarily exercised by physicians practicing medicine and surgery at the time in question.

24. Nonetheless, Defendant Juan Garisto, M.D. breached his duty as aforesaid and failed exercise the requisite and necessary degree of skill and care in performing surgery, was negligent in performing surgery for the treatment of Plaintiffs' decedent's medical condition, and otherwise negligently diagnosed, treated and cared for Plaintiffs' decedent and failed to exercise reasonable care in the treatment of Plaintiffs' decedent, Raymond Gemma.

25. As a direct and proximate result of said Defendant's breach of his duty as aforesaid, Plaintiffs' decedent, Raymond Gemma, developed Stage IV metastatic carcinoma and peritoneal carcinomatosis, suffered severe pain of body and mind, emotional and mental anguish and distress, incurred medical expenses, required extensive medical treatment and hospitalization, was rendered permanently injured and disabled, and otherwise suffered damages recoverable by his estate and the statutory beneficiaries pursuant to R.I.G.L. §10-7-1 et. seq.

26. As a direct and proximate result of said Defendant's negligence as aforesaid, Plaintiffs' decedent, Raymond Gemma, suffered severe personal injuries and ultimately died on March 23, 2023.

**WHEREFORE**, Plaintiff Elisa Gemma in her capacity as Administratrix of and on behalf of the beneficiaries of the Estate of Raymond Gemma, seeks damages under R.I.G.L. §10-7-1 et seq. and demands judgment against the Defendant Juan Garisto, M.D. in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

**COUNT III**
**(Negligence: David Wang, MD)**

27. Paragraphs 1 through 26 are re-alleged and incorporated herein by reference.

28. On and before November 17, 2020, and thereafter, Defendant David Wang, MD, undertook to treat and care for and performed surgery on Plaintiffs' decedent, Raymond Gemma.

29. At all times relevant hereto, said Defendant David Wang, M.D. owed a duty to Plaintiffs' decedent to exercise the degree of skill and care ordinarily exercised by physicians practicing medicine and surgery at the time in question.

30. Nonetheless, Defendant David Wang, M.D. breached his duty as aforesaid and failed exercise the requisite and necessary degree of skill and care in performing surgery, was negligent in performing surgery for the treatment of Plaintiffs' decedent's medical condition, and otherwise negligently diagnosed, treated and cared for Plaintiffs' decedent and failed to exercise reasonable care in the treatment of Plaintiffs' decedent, Raymond Gemma.

31. As a direct and proximate result of said Defendant's breach of his duty as aforesaid, Plaintiffs' decedent, Raymond Gemma, developed Stage IV metastatic carcinoma and peritoneal carcinomatosis, suffered severe pain of body and mind, emotional and

mental anguish and distress, incurred medical expenses, required extensive medical treatment and hospitalization, was rendered permanently injured and disabled, and otherwise suffered damages recoverable by his estate and the statutory beneficiaries pursuant to R.I.G.L. §10-7-1 et. seq.

32. As a direct and proximate result of said Defendant's negligence as aforesaid, Plaintiffs' decedent, Raymond Gemma, suffered severe personal injuries and ultimately died on March 23, 2023.

**WHEREFORE**, Plaintiff Elisa Gemma in her capacity as Administratrix of and on behalf of the beneficiaries of the Estate of Raymond Gemma, seeks damages under R.I.G.L. §10-7-1 et seq. and demands judgment against the Defendant David Wang in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

**COUNT IV**
**(Negligence: Julie Syzmaniac, MD)**

33. Paragraphs 1 through 32 are re-alleged and incorporated herein by reference.

34. On and before November 17, 2020, and thereafter, Defendant Julie Syzmaniac, MD, undertook to treat and care for and performed surgery on Plaintiffs' decedent, Raymond Gemma.

35. At all times relevant hereto, said Defendant Julie Syzmaniac, M.D. owed a duty to Plaintiffs' decedent to exercise the degree of skill and care ordinarily exercised by physicians practicing medicine and surgery at the time in question.

36. Nonetheless, Defendant Julie Syzmaniac, M.D. breached her duty as aforesaid and failed exercise the requisite and necessary degree of skill and care in performing

surgery, was negligent in performing surgery for the treatment of Plaintiffs' decedent's medical condition, and otherwise negligently diagnosed, treated and cared for Plaintiffs' decedent and failed to exercise reasonable care in the treatment of Plaintiffs' decedent, Raymond Gemma.

37. As a direct and proximate result of said Defendant's breach of her duty as aforesaid, Plaintiffs' decedent, Raymond Gemma, developed Stage IV metastatic carcinoma and peritoneal carcinomatosis, suffered severe pain of body and mind, emotional and mental anguish and distress, incurred medical expenses, required extensive medical treatment and hospitalization, was rendered permanently injured and disabled, and otherwise suffered damages recoverable by his estate and the statutory beneficiaries pursuant to R.I.G.L. §10-7-1 et. seq.

38. As a direct and proximate result of said Defendant's negligence as aforesaid, Plaintiffs' decedent, Raymond Gemma, suffered severe personal injuries and ultimately died on March 23, 2023.

**WHEREFORE**, Plaintiff Elisa Gemma in her capacity as Administratrix of and on behalf of the beneficiaries of the Estate of Raymond Gemma, seeks damages under R.I.G.L. §10-7-1 et seq. and demands judgment against the Defendant Julie Syzmaniac, M.D. in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

**COUNT V**
**(Informed Consent)**

39. Paragraphs 1 through 38 are re-alleged and incorporated herein by reference.

40. On and before November 17, 2020, and thereafter, the Defendant United States of America, through its agents, servants and employees at the Jamaica Plains /Boston VA

Hospital and the Providence VA, had a duty to inform Plaintiffs' decedent, Raymond Gemma, of the material risks of and reasonable alternatives to the treatment and robotic surgery to be provided to Plaintiffs' decedent, Raymond Gemma and to otherwise obtain his informed consent.

41. Nonetheless, Defendant, through its agents, servants and employees, breached its duty as aforesaid and negligently failed to properly inform Plaintiffs' decedent's Raymond Gemma of the material risks of and reasonable alternatives to the treatment and robotic surgery to be provided, and otherwise negligently failed to obtain his informed consent.

42. Had Plaintiffs' decedent, Raymond Gemma, been properly informed of the material risks of and reasonable alternatives to the robotic surgery performed, he would have chosen not to undergo said robotic surgery for treatment of his condition.

43. As a direct and proximate result of the Defendant's breach of duty as aforesaid, Plaintiffs' decedent developed Stage IV metastatic carcinoma and peritoneal carcinomatosis, suffered severe pain of body and mind, emotional and mental anguish and distress, incurred medical expenses, required extensive medical treatment and hospitalization, was rendered permanently injured and disabled, and otherwise suffered damages recoverable by his estate and the statutory beneficiaries pursuant to R.I.G.L. §10-7-1 et. seq.

44. As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiffs' decedent, Raymond Gemma, suffered severe personal injuries and ultimately died on March 23, 2023.

**WHEREFORE,** Plaintiff Elisa Gemma in her capacity as Administratrix of and on behalf of the beneficiaries of the Estate of Raymond Gemma, seeks damages under

R.I.G.L. §10-7-1 et seq. and demands judgment against the Defendant United States of America in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

**COUNT VI**
**(Negligence -Intuitive Surgical, Inc.)**

45. Plaintiff hereby incorporates and re-alleges the above paragraphs.
46. It was the duty of the Defendant, Intuitive Surgical, Inc., by and through its agents, servants and/or employees, to manufacture the da Vinci Surgical System in a reasonably safe manner and to make reasonable efforts to ensure the da Vinci Surgical System was in a reasonably safe condition, and to provide reasonable warnings of its danger.
47. Nonetheless, despite its duty as aforesaid, Defendant Intuitive Surgical, Inc. negligently manufactured, allowed and permitted the da Vinci Surgical System to be provided to and utilized at the Jamaica Plain/Boston Veterans Administration hospital in a defective, unreasonably dangerous, and unsafe condition unfit for its ordinary use without reasonable warnings of its danger.
48. It was further the duty of the Defendant, Intuitive Surgical, Inc., by and through its agents, servants and/or employees, 1) to provide reasonable training, instructions, guidance and/or supervision to physicians at the Boston/Jamica Plains Veterans Administration Hospital performing surgery utilizing the da Vinci Surgical System so that said physicians could perform surgery in a reasonably safe manner; 2) to make reasonable efforts to ensure that surgeons utilizing the da Vinci Surgical System were adequately and properly trained; 3) to establish reasonable training and experience requirements for surgeons utilizing the da Vinci Surgical System; 4) to provide reasonable warnings of the dangers

of the system and /or of performing surgery with inadequate training; and 5) to otherwise take reasonable and proper steps to ensure that physicians utilizing this system and performing surgery on patients could properly and safely perform procedures, including but not limited to partial nephrectomy surgery.

49. Nonetheless, despite its duty as aforesaid, Defendant Intuitive Surgical, Inc. negligently 1) failed to provide reasonable training, instructions, guidance and/or supervision to physicians at the Boston/Jamica Plains Veterans Administration Hospital performing surgery utilizing the da Vinci Surgical System so that said physicians could perform surgery in a reasonably safe manner; 2) failed to make reasonable efforts to ensure that surgeons utilizing the da Vinci Surgical System were adequately and properly trained; 3) failed to establish reasonable training and experience requirements for surgeons utilizing the da Vinci Surgical System; 4) failed to provide reasonable warnings of the dangers of the system and /or of performing surgery with inadequate training; and 5) failed to otherwise take reasonable and proper steps to ensure that physicians utilizing this system and performing surgery on patients could properly and safely perform procedures, including but not limited to partial nephrectomy surgery.

50. On or about November 17, 2020, in consequence of and as a direct and proximate result the negligence and carelessness of the Defendant, Intuitive Surgical, Inc. as aforesaid, Plaintiffs' decedent, Raymond Gemma, sustained serious and permanent injuries in the course of robotic surgery, to wit, a partial nephrectomy, when surgery was performed on him utilizing the da Vinci Surgical System, which injuries were only later discovered immediately prior to his death on March 23, 2023.

51. As a direct and proximate result of the Defendant's breach of duty as aforesaid, Plaintiffs' decedent developed Stage IV metastatic carcinoma and peritoneal carcinomatosis, suffered severe pain of body and mind, emotional and mental anguish and distress, incurred medical expenses, required extensive medical treatment and hospitalization, was rendered permanently injured and disabled, and otherwise suffered damages recoverable by his estate and the statutory beneficiaries pursuant to R.I.G.L. §10-7-1 et. seq.

52. As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiffs' decedent, Raymond Gemma, suffered severe personal injuries and ultimately died on March 23, 2023.

**WHEREFORE,** Plaintiff Elisa Gemma in her capacity as Administratrix of and on behalf of the beneficiaries of the Estate of Raymond Gemma, seeks damages under R.I.G.L. §10-7-1 et seq. and demands judgment against the Defendant Intuitive Surgical, Inc. in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

**COUNT VII:**
**(Strict Liability -Intuitive Surgical, Inc.)**

53. Plaintiff hereby incorporates and re-alleges the above paragraphs.

54. At the time the Defendant, Intuitive Surgical, Inc., by and through its agents, servants and/or employees, manufactured, and/or sold, and/or supplied, and/or marketed the da Vinci Surgical System, it was defective in design, manufacture, assembly and sale, which defects rendered it unfit and unreasonably dangerous to foreseeable patients such as Plaintiffs' decedent, and the da Vinci Surgical System was further defective in its failure to provide reasonable warnings of foreseeable danger from its foreseeable use.

55. The physicians and surgeons performing surgery upon Plaintiffs' decedent Raymond Gemma, were allegedly using the da Vinci Surgical System with due care and in an ordinary and foreseeable manner.

56. On or about November 17, 2020, as a direct and proximate result of said defective condition of the da Vinci Surgical System that was utilized to perform robotic surgery on Plaintiffs' decedent, Raymond Gemma, Plaintiffs' decedent sustained serious and permanent injuries, which injuries were only later discovered immediately prior to his death on March 23, 2023.

57. As a direct and proximate result of said defective condition of the da Vinci Surgical System as aforesaid, Plaintiffs' decedent developed Stage IV metastatic carcinoma and peritoneal carcinomatosis, suffered severe pain of body and mind, emotional and mental anguish and distress, incurred medical expenses, required extensive medical treatment and hospitalization, was rendered permanently injured and disabled, and otherwise suffered damages recoverable by his estate and the statutory beneficiaries pursuant to R.I.G.L. §10-7-1 et. seq.

58. As a direct and proximate result of Defendant's negligence as aforesaid, Plaintiffs' decedent, Raymond Gemma, suffered severe personal injuries and ultimately died on March 23, 2023.

**WHEREFORE,** Plaintiff Elisa Gemma in her capacity as Administratrix of and on behalf of the beneficiaries of the Estate of Raymond Gemma, seeks damages under R.I.G.L. §10-7-1 et seq. and demands judgment against the Defendant Intuitive Surgical, Inc. in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

**COUNT VIII**
**(Breach Of Warranty -Intuitive Surgical, Inc)**

59. Plaintiff hereby incorporates and re-alleges the above paragraphs.

60. Defendant, Intuitive Surgical, Inc., is a merchant and/or manufacturer and/or seller and/or distributor and/or marketer with respect to the da Vinci Surgical System.

61. At all times material hereto, Plaintiffs' decedent was a person reasonably expected to be affected by the use of the Da Vinci Surgical System.

62. Defendant, Intuitive Surgical, Inc., implicitly and expressly warranted that the da Vinci Surgical System was safe, of merchantable quality, fit for its intended and foreseeable use and fit for the particular purpose of performing robotic surgery on Plaintiffs' decedent, and/or persons similar to Plaintiffs' decedent.

63. Plaintiffs' decedent and the physicians and surgeons performing robotic surgery on Plaintiffs' decedent, Raymond Gemma, relied on all warranties made by the Defendant, Intuitive Surgical, Inc.

64. The da Vinci Surgical System as provided by the Defendant, Intuitive Surgical, Inc., was of unmerchantable quality, unsafe for ordinary use and unfit for the particular purpose of performing robotic surgery on Plaintiffs' decedent, and/or persons similar to Plaintiffs' decedent

65. On or about November 17, 2020, while in reliance on, as a direct and proximate result said reliance on said warranties of the da Vinci Surgical System that was utilized to perform robotic surgery on Plaintiffs decedent, Raymond Gemma, Plaintiffs' decedent sustained serious and permanent injuries, which injuries were only later discovered immediately prior to his death on March 23, 2023.

66. As a direct and proximate result of said defective condition of the da Vinci Surgical System as aforesaid, Plaintiffs' decedent developed Stage IV metastatic carcinoma and peritoneal carcinomatosis, suffered severe pain of body and mind, emotional and mental anguish and distress, incurred medical expenses, required extensive medical treatment and hospitalization, was rendered permanently injured and disabled, and otherwise suffered damages recoverable by his estate and the statutory beneficiaries pursuant to R.I.G.L. §10-7-1 et. seq.

67. As a direct and proximate result of Defendant's negligence as aforesaid, Plaintiffs' decedent, Raymond Gemma, suffered severe personal injuries and ultimately died on March 23, 2023.

**WHEREFORE,** Plaintiff Elisa Gemma in her capacity as Administratrix of and on behalf of the beneficiaries of the Estate of Raymond Gemma, seeks damages under R.I.G.L. §10-7-1 et seq. and demands judgment against the Defendant Intuitive Surgical, Inc. in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

**COUNT IX**
**(Loss of Consortium, Elisa Gemma)**

68. Plaintiff hereby incorporates paragraphs 1 – 67 by reference herein.

69. As a direct and proximate result of Defendants' negligence and breaches as aforesaid, Plaintiffs' decedent suffered severe personal injuries requiring extensive medical treatment and care and ultimately died on January 23, 2023.

70. As a direct and proximate result of Defendants' negligence and breaches as aforesaid, Plaintiff Elisa Gemma was and is deprived of the consortium, services, affection and society of her husband, Raymond Gemma and was otherwise greatly damaged.

**WHEREFORE,** Plaintiff Elisa Gemma demands judgment against the Defendants United States of America, Juan Garsito, M.D., David Wang, M.D., Julie Syzmaniac, M.D. and Intuitive Surgical, Inc. in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

**COUNT X**
**(Loss of Society and Companionship, Sherry Gemma McKennna)**

71. Plaintiff hereby incorporates paragraphs 1 – 70 by reference herein.

72. As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiffs' decedent suffered severe personal injuries requiring extensive medical treatment and care and ultimately died on January 23, 2023.

73. As a direct and proximate result of Defendants' negligence, Plaintiff Sherry Gemma McKenna was and is deprived of the society, companionship, services, and affection of her father, Raymond Gemma and was otherwise damaged.

**WHEREFORE,** Plaintiff Sherry Gemma demands judgment against the Defendants United States of America, Juan Garsito, M.D., David Wang, M.D., Julie Syzmaniac, M.D. and Intuitive Surgical, Inc. in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

Plaintiffs,
By their attorney,

/s/ Mark Grimm
Mark H. Grimm, Esq. (#566632)
Ryan P. Kelley, Esq. (#671883)
MARASCO & NESSELBUSH, LLP
685 Westminster Street
Providence, Rhode Island 02903
Tel: (401) 274-7400
Facsimile: 401)274-7404

DATED: March 20, 2026